UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **KEVIN L. REVELS,** § | | |
| **TDCJ No. 654284,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil No. 7:13-CV-089-O-BL | |
| § | | |
| **Director TDCJ-CID,** § | | |
| § | | |
| Respondent. § | Referred to U.S. Magistrate Judge | |

## REPORT AND RECOMMENDATION

Petitioner, Kevin L. Revels, filed his original petition for writ of habeas corpus in the Eastern District of Texas, on May 17, 2013. (Doc. 1.) Without indication of the standing order issued by the Court of Appeals for the Fifth Circuit, which bars Revels from filing any habeas pleading without the advance written permission of a judge from the forum court,[1] the case was transferred to this Court. (*See* Doc. 11.)

Most recently, in *Revels v. Thaler*, No. 11-10238 (5th Cir. June 13, 2011) (unpublished), the Fifth Circuit denied permission for Revels to file a habeas petition and stated:

> Revels is reminded that he is BARRED from filing any pro se habeas pleading or appeal in this court or in any other court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court. To obtain such permission, Revels must send a letter requesting such permission to the clerk of the forum court in which he wishes to file the pleading or appeal. The clerk of this court and the clerks of all federal district courts in this circuit are DIRECTED to return to Revels, unfiled, any attempted submission inconsistent with this bar.

Because Revels failed to comply with the Fifth Circuit's Order, this Court recommends

---

[1] *See In re: Revels*, No. 02-00027 (5th Cir. Sept. 24, 2002) (unpublished) (amending the order issued in No. 98-11423).

that the instant Petition be **DISMISSED**.[2]

**IT IS THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED**.

DATED this 10th day of February, 2014.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

---

[2] The court has previously noted that Revels "has filed over eighty lawsuits in federal court under his own name or under the alias, Jerry Lynn Johns[, and] has been sanctioned by the Eastern District of Texas, the Southern District of Texas and the Fifth Circuit Court of Appeals for his persistence in filing frivolous lawsuits and abusing the judicial process." *Revels v. Thaler*, No. 7:12-CV-196-O-BL, 2012 WL 6062692, at *1 (N.D. Tex. Dec. 6, 2012) (J. O'Connor); *see also*, *Revels v. Cockrell*, No. 4:02-CV-192-Y (N.D. Tex. Mar. 12, 2002); *Revels v. Livingston*, No. 4:13-CV-113-Y (N.D. Tex. Feb. 28, 2013) (J. Means) (dismissing for failure to comply with the Fifth Circuit's Order).